**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| F.E., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MORELAND UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 16-cv-03983-BLF<br><br>**ORDER GRANTING UNOPPOSED MOTION TO APPROVE MINOR'S COMPROMISE; VACATING AUGUST 22, 2019 HEARING**<br><br>[Re: ECF 40] |

Plaintiff Fritz Eberly, as guardian and guardian ad litem for Plaintiff and minor F.E., petitions the Court for an order approving the compromise of F.E.'s claims, pursuant to the settlement agreement ("Settlement Agreement," ECF 40-2) entered into by and between Plaintiffs Fritz and Delfina Eberly on behalf of themselves and their child, Plaintiff and minor F.E., and Defendants Moreland School District, Theresa Molinelli, Rosie Luis, Heide Hansen, Robert Garcia, Joyce Galvin, and Sarah Gein Belsick (collectively "Defendants"), and the Alliance of Schools for Cooperative Insurance Program ("ASCIP"), on behalf of Defendants.[1]  Mot., ECF 40. Pursuant to Civil Local Rule 7-1(b), the Court finds the motion suitable for submission without oral argument and hereby VACATES the hearing scheduled for August 22, 2019.  For the reasons stated below, the Court GRANTS the motion.

///

///

---

[1] Plaintiffs acknowledge in the Settlement Agreement that Denise Booker and Janelle Astor were improperly named as defendants in this case.  *See* ECF 40-2 at 2.

## I. BACKGROUND[2]

Plaintiffs Fritz and Delfina Eberly, individually on behalf of their minor son F.E.,[3] filed this action against Defendants Moreland School District ("District"), Theresa Molinelli, Rosie Luis, Heide Hansen, Janell Astor, Robert Garcia, Sarah Gein, Joyce Galvin, and Denise Booker, alleging six causes of action: (1) violations of section 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794; (2) violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; (3) violations of F.E.'s constitutional rights under the Fourteenth Amendment, pursuant to the Civil Rights Act of 1983; (4) violations of F.E.'s constitutional rights under the Fourth Amendment, pursuant to 42 U.S.C. § 1983; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress. Compl., ECF 1.

F.E., who was seven and eight years old during the relevant time period, suffers from disabling conditions that qualify him for special education under federal and state law under the primary eligibility category of Emotionally Disturbed, with a secondary classification of Autism. *Id.* ¶¶ 18–23; *see also id.* ¶¶ 34–39. Due to these conditions, F.E. requires any school he attends to provide him certain aid, including applied behavioral therapy ("ABA"). *Id.* ¶¶ 23, 25–36. The District placed F.E. at Payne Elementary in 2013–14 and at Baker Elementary School in the 2014–15 year. *Id.* ¶ 24. Plaintiffs allege that at these schools, the "[s]upport staff, specifically the classroom aides," including Defendants Luis, Molilli, Gein, Jones, and Booker, "never received appropriate education, training, [or] supervision in implanting an ABA based behavioral program," and that "staff failed to implement appropriate positive behavioral supports, instead relying upon restraint, seclusion and other ineffective aversive responses which only further reinforced his maladaptive behaviors." *Id.* ¶¶ 27–28; *see also id.* ¶¶ 41–62. Moreover, the District did not provide F.E. the necessary academic instruction. *Id.* ¶¶ 30–33; *see also id.* ¶¶ 41–62. These actions injured F.E. by causing him physical harm and emotional trauma, by blocking his access to academic instruction, and by reinforcing and escalating his behavioral issues. *Id.* ¶ 33 & n.3; *see also id.*, causes of action, ¶¶ 1–69.

---

[2] This section is based on allegations made in the Complaint. The Court accepts these allegations as true for the purposes of ruling on this motion.
[3] The Court subsequently appointed Mr. Eberly F.E.'s guardian ad litem. ECF 14.

On July 14, 2016, Plaintiffs initiated this lawsuit against the District and various employees. ECF 1. After some discovery, the parties reached an agreement resolving the case. Tollner Decl. ¶¶ 9, 11–12, ECF 49. The Settlement Agreement was signed on March 1, 2019. *Id.* ¶ 11.

## II. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

In cases involving the settlement of a minor's federal claims, a district court must consider whether the proposed settlement is fair and reasonable as to each minor plaintiff. *Id.* at 1182. "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

While the *Robidoux* Court expressly limited its holding to settlement of a minor's federal claims, "district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well." *Frary v. Cnty. of Marin*, Case No. 12-cv-03928, 2015 WL 3776402, at *1 (N.D. Cal. June 16, 2015); *see also Mitchell v. Riverstone Residential Grp.*, No. S-11-2202, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) (collecting cases). California law, which governs the state law causes of action, also requires that a settlement for a minor be approved by the court. *See* Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.

///

///

### III. DISCUSSION

Under the proposed settlement, the District will pay F.E. for the costs related to F.E.'s education through December 31, 2021 in an amount not to exceed $430,000.00. Tollner Decl. ¶ 13; Settlement Agreement § 1.1. This money will be available to Plaintiffs for costs related to F.E.'s tuition, extended school year (summer school), and therapeutic services incurred for F.E.'s attendance at certain schools, and/or costs related to privately obtained speech and language therapy, occupational therapy, behavior services, tutoring, teaching services, educational therapy, travel related expenses, and/or counseling. Settlement Agreement § 1.1.1.1–4. The District will issue this money to F.E.'s parents, Plaintiffs Mr. and Mrs. Eberly, on a monthly basis as reimbursements for their payments for tuition and services for F.E. *Id.* In addition to these funds, ASCIP will pay $100,000 for damages and/or attorneys' fees. *Id.* §§ 11.2–3. ASCIP will issue this money directly to the Client Trust Fund of the Tollner Law Offices within 60 days of the Agreement's effective date. *Id.* No portion of the monies agreed to be paid by the District or ASCIP under the Settlement Agreement are to be placed in any other trust, nor is any surety bond required or sought. Tollner Decl. ¶ 14.

In light of the facts of the case, the minor's claims against the Defendants, and the settlement of disputes regarding educational harm, the Court finds that the net amount to be distributed is fair and reasonable. The terms achieve the goal that F.E. and his guardian ad litem had for bringing the lawsuit. Accordingly, the Court APPROVES the settlement of F.E.'s claims.

### IV. ORDER

Based on the foregoing, it is hereby ORDERED that:

1. The Court APPROVES the settlement on behalf of the minor as set forth herein and in the parties' Settlement Agreement.
2. ASCIP is directed to issue $100,000 to the Client Trust Fund of the Tollner Law Offices within 60 days of the date of this Order.
3. All future dates and deadline in this case are VACATED.
4. The parties shall file, a stipulation regarding dismissal of this case or a written status report **on or before May 15, 2019**.

**IT IS SO ORDERED.**

Dated: March 28, 2019

_____
BETH LABSON FREEMAN
United States District Judge